**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey J. Prager, | No. CV-06-3069-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio and Jane Doe Arpaio; C. Lillie, #7787; Ms. Mayes/MCSO Jane and John Doe; Unknown MCSO Employees; and Ms. Gonzalez, Clerk of the Superior Court for Maricopa County, | |
| Defendants. | |

Plaintiff commenced this civil rights action by filing a pro se complaint against Defendants on December 1, 2006. Dkt. #1. Plaintiff has filed a motion for default judgment against Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure. Dkt. #13. Defendant Gonzalez has filed a response to the motion. Dkt. #16. Defendants Arpaio, Lillie, Mayes, and Unknown MCSO Employees have filed a response and a motion for relief from entry of default pursuant to Rule 55(c). Dkt. #17. For the reasons set forth below, the Court will deny the motions and direct the United States Marshal Service to properly effect service of process on Defendant Gonzalez.

**I.     The Rule 55 Motions.**

Obtaining default judgment under Rule 55 is a two-step process. First, the clerk must enter the non-appearing party's default under Rule 55(a). Once the party's default has been

entered, either the clerk or the court enters default judgment under Rule 55(b). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing two-step process under Rule 55).

In this case, the Clerk has not entered Defendants' default under Rule 55(a). The Court accordingly will deny Plaintiff's motion for default judgment and Defendants' motion for relief from entry of default.

**II.     Defendant Gonzalez.**

On January 23, 2007, the Court granted Plaintiff in forma pauperis status and directed the Marshal Service to effect service of process in this matter. Dkt. #6. The Clerk issued summonses as to all Defendants on January 26, 2007. The summons issued with respect to Defendant Gonzalez identified Defendant as "Ms. Gonzalez, Clerk of Superior Court," and listed the address as "201 W. Jefferson, Phoenix AZ 85003," which is the address for the Superior Court's Central Court Building. Dkt. #8. On January 31, 2007, the Marshal Service served the summons and a copy of the complaint on Special Deputy Clerk Josh Harts. *Id.*

In response to Plaintiff's motion for default judgment, Defendant Gonzalez asserts that Mr. Harts is an employee of the Maricopa Board of Supervisors who had no authority to accept service on Defendant's behalf. Dkt. #16 at 1. Attached to the response is a supporting affidavit from Mr. Harts. *Id.* Ex. 1. Defendant does not identify the agent who has authority to accept service on her behalf.

The Court will direct the Marshal Service to attempt to properly serve process on Defendant Gonzalez by **March 30, 2007**. The Marshal Service shall notify the Court by **April 6, 2007** if it is unable to serve process on either Defendant Gonzalez personally or the agent authorized to accept service on her behalf.

**IT IS ORDERED:**

1.     Plaintiff's motion for default judgment (Dkt. #13) is **denied**.

2.     Defendants' motion for relief from entry of default (Dkt. #17) is **denied**.

3.     The Marshal Service is directed to serve process on Defendant Gonzalez by **March 30, 2007**.

4.     The Marshal Service shall notify the Court by **April 6, 2007** if it is unable to

1  properly serve process on Defendant Gonzalez.
2  DATED this 19th day of March, 2007.

*David G. Campbell*
United States District Judge